DARRELL L. FUN
Assistant United States Attorney
United States Attorney's Office
District of Wyoming
P.O. Box 22111
Casper, WY 82602
(307) 261-5434

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Criminal No. 10-CR-329-7F** |
| v. | ) | |
| | ) | <span style="color:red">**NON-PUBLIC DOCUMENT**</span> |
| **ALEX GARCIA,** | ) | |
| | ) | |
| Defendant. | ) | |

---

## GOVERNMENT'S RESPONSE TO  DEFENDANT'S MOTION TO RECONSIDER DETENTION AND REQUEST FOR HEARING

---

The United States hereby objects and submits the following in response to the Defendant's

motion for pre-trial release pursuant to 18 U.S.C. § 3142.

### I.    INTRODUCTION

The Defendant was indicted on November 17, 2010, with a superseding indictment returned

on January 11, 2011, on two counts charging Conspiracy to Possess with Intent to Distribute, and

to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A) and

Conspiracy to Launder Money in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h).  The

conspiracy charge carries with it a 10 year statutory minimum sentence with a maximum sentence of up to life imprisonment and the money laundering charge carries the same penalty.

The Defendant was initialed in the U.S. District Court, Eastern District of California, Fresno, California, on November 29, 2010 before Magistrate Dennis L. Beck.  An identity/detention hearing was held on December 3, 2010, wherein the Court found that Defendant poses a risk of flight and danger to the community and, therefore, ordered the defendant detained pending trial. The Defendant was transported to Wyoming, and on January 6, 2011 appeared before Magistrate William C. Beaman for arraignment proceedings in the U.S. District Court for the District of Wyoming, Cheyenne.  Magistrate Beaman continued the Defendant's detention.  The Jury Trial is currently set for September 26, 2011.

The Defendant now seeks pretrial release for purposes of spending time with his family and fiancé and obtaining employment until the time of trial.

The Defendant has brought no new information to this court regarding any of the above issues, except that he apparently was able to obtain a third party custodian, his sister and brother-in-law, Mr. and Mrs. Mendoz, and was able to locate employment with his stepfather laying carpet and tile.  While the Defendant's mother is ill, it appears that she has been ill for sometime and it is unstated exactly when she "recently suffered a transient ischemic attack".  The United States contends that despite this information, the Defendant still poses a serious risk of flight and danger to the community and that this has not been rebutted.  Further, the Defendant's family situation, i.e., pregnancy of fiancé and eventual birth of a new daughter, and having eight year old son that suffers from Hemidystonia, are facts that were known or should have been reasonably known at the time of

the first detention hearing.  The Defendant has a lengthy and problematic criminal history, with an

outstanding criminal complaint with the Fresno County Superior Court, Criminal Division, and there

is an indication that he had his driving privileges revoked for failure to appear.  The Defendant was

also on three years of probation at the time of the federal offense.

## II.    DISCUSSION

The Bail Reform Act specifically sets forth the factors the court must take into consideration

in making a determination as to whether a defendant should be detained or released pending trial.

Those factors are:

(g) Factors to be considered –The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning–

(1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence and involves a narcotic drug;

(2)    The weight of the evidence against the person;

(3)    The history and characteristics of the person, including:

A.    His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceeding;  and,

B.    Whether, at the time of the current offense or arrest he was on probation, or parol, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law;  and

(4)    The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Government must prove risk of flight by a preponderance of evidence. *United States v. Quartermaine,* 913 F.2d 910, 917 (11th Cir. 1990); *United States v. King*, 849 F.2d 485, 489 (11th Cir.1988); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir.1985). The Government must prove dangerousness to any other person or the community by clear and convincing evidence. *King*, 849 F.2d at 485 n. 3; 18 U.S.C. § 3142(f).

However, the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq*., provides a rebuttable presumption of risk of flight or danger to the community when a defendant has been charged with certain crimes. Subject to rebuttal by the defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten (10) years or more is prescribed by the Controlled Substances Act (21 U.S.C. 801 *et seq.*) or an offense under section 924(c) of title 18 of the United States Code. 18 U.S.C. § 3142(e). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Quartermaine*, 913 F.2d at 916; *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991) (same). Because the indictment in this case charges offenses, each of which carries more than ten (10) years of imprisonment as prescribed by the Controlled Substances Act, it raises the rebuttable presumption of risk of flight and danger to the community.

Once the presumption is invoked, the burden of production shifts to the defendant. *Stricklin*, 932 F.2d at 1354. However, the burden of persuasion regarding risk-of-flight and danger to the

4

community always remains with the government. *Id.* at 1354-55. The defendant's burden of production is not heavy, but some evidence must be produced. *Id.* at 1355. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the court in determining whether to release or detain. *Id.; see generally, United States v. Cook,* 880 F.2d 1158, 1162 (10th Cir.1989).

The presumption in favor of detaining a defendant charged with a serious drug offense does not disappear simply because a defendant may come forward with some evidence to rebut the presumption. Were the presumption to vanish, "courts would be giving too little deference to Congress' findings regarding this class." *United States v. Martir,* 782 F.2d 1141, 1144 (2nd Cir. 1986). The court should continue to give the presumption some weight by keeping in mind that Congress has determined that "drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hare,* 873 F2d 796, 798-99 (5th Cir. 1989). The statutory rebuttable presumption represents a Congressional finding that narcotics violators as a group are likely to flee and to engage in further criminal conduct undeterred by the pendency of the charges against them. That is, the legislative history shows that Congress found greater recidivism among persons charged with drug felonies. *S. Rep. No. 225, 98th Cong. 2nd Session (1984), reprinted in 1984 U.S. Code Cong. & Admin. News 3182.* Under the circumstances that trigger a section 3142(e) presumption, a "strong probability arises that no form of conditional release will be adequate." *Id., 1984 U.S. Code Cong. & Admin. News at 3202.*

Finally, the hearing may be reopened, before or after a determination of the judicial officer, "if the judicial officer finds that information exits that was not known to the movant at the time of

the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

In this case, the rebuttable presumption set forth in 18 U.S.C. § 3141(e) applies. Further, no information that was not known has been presented that rebuts this presumption. 18 U.S.C. § 3142(f). The only factor the Defendant has recently brought forth is: his sister and brother-in-law are willing to act as a third party custodian. While this factor might slightly mitigate his risk of flight, it does not mitigate the serious risk of danger that he poses to the community and to others. Further any such mitigation to the risk of flight is questionable given that the Defendant has failed to appear for Fresno violations on March 4, 2009 and October 12, 2009 - apparently, the Defendant's family members were unable to prevent the Defendant from violating the law or ensuring his presence in court. Although the Defendant has no prior felony convictions, his criminal history demonstrates a pattern of failure to comply with the law and a substance abuse problem

The Defendant's claim that his pretrial release is necessary so he can financially support his family, while noble in intent, is unavailing. According to the U.S. Probation Office, at the time of the Defendant's detention, he was already performing "side jobs," such as installing carpet and tile with his stepfather, averaging approximately $700 to $800 a month. In the letter submitted by the Defendant's stepfather, Mr. Garcia states that he will be able to have Alex Garcia Jr. work with him, "when I have enough work....." This is certainly no guarantee of income especially in this economy. And, outside of this, the Defendant's offer that he will attend substance abuse counseling while on

6

release on bond and will consent to wearing an ankle monitor does not serve as a satisfactory releases plan under these facts and circumstances.

The Defendant points to other factors, such as his family support system in Fresno, the birth of a new daughter, the medical requirements of his ill mother and eight year old son, and that his stepfather is willing to employ him laying carpet and tile. However, none of these facts constitutes information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue" of risk of flight or danger to the community. 18 U.S.C. § 3142(f). It appears that the Defendant's mother has been ill for sometime and it is unstated exactly when she "recently suffered a transient ischemic attack". Further, the medical requirements of Defendant's eight year old son is not a recent development nor is the pregnancy (and expected birth of his daughter) of his fiancé. Finally, the employment of the Defendant by his stepfather, as previously noted, is unstable.

As such, Magistrate Beck's holding is well founded: that, by a preponderance of the evidence, no condition or combination of conditions will reasonably assure the appearance of the Defendant; and, by clear and convincing evidence, no condition or combination of conditions will reasonably assure the safety of others or the community. See attached Detention Order dated December 3, 2010. Magistrate Beck's findings of fact, forming the basis for the Defendant's detention, also remain unchanged: the nature and circumstances of the offense, the weight of the evidence against the Defendant, the Defendants history and characteristics (lack of steady employment, no substantial financial resources, significant prior criminal record, prior record for failure to appear, and the Defendant was on bond pending state charges), and the application of the

rebuttal presumption given that the Defendant is charged with a controlled substance offense carrying a maximum penalty of ten years of more. Magistrate Beaman concurred with Magistrate Beck and continue the Defendant's detention.

The crimes that the Defendant is charged with carries mandatory minimum sentences of 10 years to a maximum of life of imprisonment. This, in and of itself, as congress has recognized, is an incentive to flee. The Defendant was indicted by a federal grand jury, establishing the probable cause determination. The Defendant has absolutely no ties to Wyoming, little to no financial resources or property ensuring his presence for trial and has a demonstrated past history for failing to appear for court matters. It should be further noted that the Defendant's criminal history includes arrests and convictions for violent crimes, including cruelty to children, possession of a short barrel shotgun/rifle, obstruction, participation in street gang and preventing/dissuading witnesses. These issues are notable in terms of the risk of danger to the community if he were to be released.

Therefore, given this, it is far more prudent that the Defendant remain detained. In terms of the asserted financial and family concerns, these situations are unfortunate but does not constitute new information that was not reasonably known nor does it materially affect the Magistrate's determination to detain the Defendant.

### III.    CONCLUSION

The Defendant should not be granted pretrial release. This court should not reverse the decision of the Magistrate Judge and allow pretrial release because: 1) the Defendant is charged with violating the Controlled Substances Act, subject to a penalty of greater than ten years and the

Defendant has not rebutted the presumption of a risk of flight of danger to the community; 2) the evidence is substantial that the Defendant was heavily involved in a conspiracy that involved the shipping and distribution of methamphetamine; 3) the Defendant is not a resident of Wyoming and therefore has no ties to the community; 4) the Defendant does not have any property, residence, assets, bank accounts, business or verified gainful employment; and 6) the Defendant has not presented any new information that was not reasonably known that rebuts the presumption that he is a flight risk and danger to the community.  For all the foregoing reasons, the United States prays that this court deny the Defendant's Motion for Reconsideration of Detention and that his request for pretrial release be denied.

**DATED** this 16th day of August, 2011.

CHRISTOPHER A. CROFTS
United States Attorney


BY:     _____
        DARRELL L. FUN
        Assistant United States Attorney

9

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 16th day of August, 2011 a true and correct copy of the foregoing document was served upon Counsel of Record via CM/ECF or Court's Electronic Filing System.

_____
UNITED STATES ATTORNEY'S OFFICE